United States District Court
Southern District of Texas

**ENTERED**

March 25, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GLORIA MABEL VILLAROEL SANCHEZ,** | § § § | |
| **Petitioner,** | § § § | |
| **VS.** | § § | **CIVIL ACTION NO. 4:26-CV-01483** |
| **WARDEN,** *et al.*, | § § § | |
| **Respondents.** | § § | |

**ORDER**

Before the Court is Petitioner Gloria Mabel Villarroel Sanchez's Amended Petition for Writ of Habeas Corpus (ECF No. 5) and Respondents' Motion for Summary Judgment (ECF No. 7). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.    BACKGROUND

The parties do not dispute the following facts. Petitioner is a citizen of Venezuela who entered the United States in 2021. ECF No. 5 at ¶ 49. Shortly after entry, she was detained by DHS and released on parole pursuant to 8 U.S.C. § 1182(d)(5)(A). *Id.*; ECF No. 5-1, Exh. A (Interim Notice Authorizing Parole). Her parole order was issued on December 22, 2021; it was presumably renewed after the one-year parole term, given that Petitioner continued to attend scheduled ICE check-ins. Her removal proceedings were terminated on March 7, 2024. ECF No. 5 at ¶ 52.

While released on parole, Petitioner has attended all required hearings, has no criminal history, and has built a family in the United States. *Id.* at ¶¶ 53-56. Nonetheless, on November 24, 2025, ICE detained Petitioner at a scheduled check-in appointment. *Id.* at ¶ 55. She was issued a

1 / 3

Notice to Appear (NTA) in removal proceedings before an Immigration Judge (IJ) under § 240 of the Immigration and Nationality Act (INA). ECF No. 7 at 2. Petitioner is currently detained at the Montgomery Processing Center in Conroe, Texas. ECF No. 5 at ¶ 55.

## I.     ANALYSIS

Petitioner argues that her re-detention violates, *inter alia*, the Due Process Clause of the Fifth Amendment. *Id.* at ¶ 9. Because the Court agrees that Petitioner's re-detention violates her procedural due process rights, it declines to address her other claims.

The Court recently addressed a nearly identical set of circumstances in multiple cases. *See Betancourth v. Tate, et al.*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. See *Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result under the facts of this case. It therefore concludes that Petitioner's re-detention violated her Fifth Amendment right to procedural due process.

## II.     RELIEF

The Court therefore **ORDERS** as follows:

1. Respondents are **ORDERED** to release Petitioner from custody **within 48 hours** pursuant to the terms of her prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her counsel or next friend of the time and place of her release **no less than three hours** prior to his release from custody.

3. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community or has violated the conditions of her release. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

4. The Court further **ORDERS** that Respondents file an advisory with the Court **on or before March 18, 2026**, informing the Court of the status of Petitioner's release.

5. The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before March 30, 2026.**


**IT IS SO ORDERED.**

Signed at Houston, Texas on March 24, 2026.

Keith P. Ellison
United States District Judge